IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02106-BNB

TODD KENNETH HOROB,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, and
FEDERAL BUREAU OF PRISONS, Employees and Wardens,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Todd Kenneth Horob, initiated this action by filing *pro se* a motion (ECF No. 1) docketed as a motion to stay proceedings and to proceed *in forma pauperis.* Mr. Horob references two administrative claims under the Federal Tort Claims Act in the motion. On August 10, 2012, Magistrate Judge Boyd N. Boland entered an order directing Mr. Horob to cure deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Horob to file a Prisoner Complaint and either to pay the filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that is supported by a certified copy of his inmate trust fund account statement. Mr. Horob was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

    On September 5, 2012, Mr. Horob filed a document titled "Motion to Proceed In Forma Pauperis Certified Trust Fund Attached" (ECF No. 4) in which he asked the Court to extend the time limit for filing a complaint pursuant to the Federal Tort Claims

Act.  Attached to the document filed on September 5 was an uncertified copy of Mr. Horob's inmate trust fund account statement.  On September 6, 2012, Magistrate Judge Boland entered a minute order denying the request for an extension of the statutory time limit to file an action pursuant to the Federal Tort Claims Act and granting Mr. Horob an extension of time until October 10, 2012, to cure the deficiencies in this action.  Magistrate Judge Boland also reiterated the deficiencies that must be cured and advised Mr. Horob that the account statement he submitted was not certified by a prison official.

On September 17, 2012, Mr. Horob filed a document (ECF No. 6) indicating he had advised prison officials that he must cure the deficiencies in this action by October 10, 2012.  On October 10, 2012, Mr. Horob filed a document titled "Deficiency Cure Motion" (ECF No. 7).  Mr. Horob contends in the "Deficiency Cure Motion" that prison officials have offered him no help and he attaches to the motion a number of exhibits in support of his contention that he has not been offered any help by prison officials.

Mr. Horob has failed to cure the deficiencies within the time allowed because he has failed to file a Prisoner Complaint and he has failed either to pay the filing fee or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Horob failed to cure the deficiencies as directed.  It is

FURTHER ORDERED that the motion to stay proceedings and to proceed *in forma pauperis* (ECF No. 1) is DENIED as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  17th  day of    October   , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court